W. A. BAHR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5020.   Promulgated February 10, 1928.

*G. E. Hager, Esq.,* for the petitioner.

*P. M. Clark, Esq.,* for the respondent.

OPINION.

LANSDON : The parties are agreed that lands sold by the petitioner were acquired subsequent to March 1, 1913, at a cost of $95,200. The only matters in dispute here are the sales prices received for such lands in the taxable year and some expenses alleged to have been incurred in connection with such sales.

We are convinced that the petitioner paid commissions of $800 and $1,000 on account of the lands sold to Prochaska and Staufer. These amounts are proper deductions from the sales prices received for such lands, and should be so considered in the computation of the petitioner's gain from the transactions here in question. Other expenses which the petitioner alleges to have incurred in the sale of these several tracts of lands do not appear to be deductible from the sales prices received for such lands. Such claims are in the nature of attorneys' fees, traveling expenses and costs of litigation in connection with property in another county of Nebraska. Doubtless such expenses were incurred. Some of them have been claimed by the petitioner in his income-tax returns for the taxable year, and allowed by the respondent. Such expenses were not incurred in connection with the transactions here involved and are not allowable as deductions from the sale price received. The determination of the Commissioner as to these items is approved.

The record does not disclose the date of the discounts of $1,000 allowed to Mundhenke. There is, therefore, no basis for the deduction of this amount from the sale price.

The principal contention of the petitioner is that the 160 acres of land received in part payment of the purchase price of $57,500 due from Prochaska were worth, when acquired, much less than the amount of $28,000 recited in the deed. The petitioner asserts, and at the hearing testified that such land had a value of not more than $8,000 when received by him in 1920. A real estate dealer of Seward, Nebr., who had been in business there for many years prior to the transaction here involved, testified that he was very familiar with land values in Seward County in 1920, and with the nature, quality

and value of the tract in question which, in his opinion, was worth not more than $60 an acre, or $9,600 at the date of its transfer to the petitioner. A banker who had been cashier of a bank at Seward for 15 years and testified to knowledge of land values in that vicinity in 1920, was of the opinion that the tract in question was worth a little more than $9,600 in that year. After a careful consideration of all the evidence we are of the opinion and have so found above, that the land in question was worth $12,000 at the date acquired by the petitioner, and should be included in that amount in the purchase price realized by the sale to Prochaska.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

STERNHAGEN and MURDOCK dissent.

TRAMMELL dissents in part.